UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO MORELAND,<br><br>   Plaintiff,<br><br>   v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>   Defendants. | Case No. 20-cv-04336-RS<br><br>**ORDER FOR FURTHER BRIEFING** |

The hearing on plaintiff's motion for class certification, set for May 25, 2023, is vacated. By letter dated September 16, 2022, defendant offered to reinstate plaintiff's life insurance policy, without requiring payment of premiums for the period the policy had been declared lapsed and with credit for the "paid up additional units of insurance" that otherwise would have accrued during that time. The letter advised that plaintiff could accept the offer of reinstatement by paying a $8.60 monthly premium by November 13, 2022. The letter was copied to plaintiff's counsel of record in this action.

By letter dated December 2, 2022, defendant advised plaintiff that it had processed the reinstatement, applied his $8.60 payment, and that his insurance coverage was in effect. Plaintiff filed his motion for class certification on December 2, 2022. Defendant subsequently filed a declaration that plaintiff was current on his payments as of January 30, 2023, and that the policy remained in force.

Plaintiff's reply brief in support of class certification argues "class representatives are

allowed to seek certification even if they have already received complete relief on their individual claims." For this proposition, plaintiff relies on *Chen v. Allstate Ins. Co.*, 819 F.3d 1136 (9th Cir. 2016). *Chen*, however, held only that a defendant could not moot a named plaintiff's individual claims by placing funds in escrow pending entry of judgment in the plaintiff's favor. *Id.* at 1148 ("We hold the judgment [defendant] has consented to would afford [plaintiff] complete relief on his individual claims for damages and injunctive relief. To date, however, [plaintiff] has not actually received complete relief on those claims. Those claims, therefore, are not now moot."); *see also*, *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091–92 (9th Cir. 2011) ("[W]e hold that an *unaccepted* Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim . . . does not moot a class action." (emphasis added)). Plaintiff also cites to *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326 (1980), but there too the claims were not moot where "[a]t no time did the named plaintiffs accept the tender in settlement of the case." *Id.* at 332.

Here, in contrast, plaintiff was offered what appears to be complete relief on his individual claims, and he affirmatively acted to accept that relief. Accordingly, within 10 days of the date of this order, plaintiff shall file a supplemental brief, not to exceed 15 pages, showing why this action should not be dismissed as moot, or why, at a minimum, class certification should not be denied. Within 10 days thereafter, defendant may file a response, also not to exceed 15 pages. The matter will then be taken under submission without further briefing or oral argument, unless otherwise ordered.

**IT IS SO ORDERED**.

Dated: May 19, 2023

_____
RICHARD SEEBORG
Chief United States District Judge